THE UNITED STATES DISTRICT COURT
DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER JOHNSON<br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>Defendants. | ) <br>) JURY TRIAL DEMANDED<br>)<br>) Case No. 3:25-cv-05726-BHS<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

COMES NOW the Plaintiff Christopher Johnson ("Mr. Johnson" or "Plaintiff"), an individual consumer, and for is Complaint against Defendants, Experian Information Solutions, Inc., (collectively referred to as "CRAs"). Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, punitive damages and costs brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681-1681x et seq.

2. Inaccuracies and errors plague consumer reporting. Estimates of serious errors range from 3 to 25%. The most recent and definitive FTC study on

1

errors and credit reports found that 21% of consumers had verified errors in their credit reports, 13% had errors that had affected their credit scores, and 5% had errors serious enough to be denied or pay more for credit. *See* FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (2012).

3. This means that 10 million Americans face serious errors in their credit reports that could result in them being denied or paying more for credit.

4. To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiff's note, the disclosure and summary-of-rights requirements are designed to protect consumers interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue in this District is proper in that the Defendant regularly conducts business in the State of Washington.

## III. PARTIES

7. Plaintiff Christopher C. Johnson is a natural person residing in Pulallup, WA.

8. Plaintiff Christopher C. Johnson is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

9. Upon information and belief, Experian Information Solutions, Inc., is an Ohio corporation duly authorized and qualified to do business in the State of Washington.

10. Experian Information Solutions, Inc., is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

## IV. FACTS OF THE COMPLAINT

11. On or about May 06, 2025, Mr. Johnson obtained copies of his consumer credit disclosures from Experian Information Solutions, Inc., through www.annualcreditreport.com via mail.

### Experian

12. Similarly, Experian was required under 15 U.S.C. § 1681g(a) to provide a complete, clear, and accurate disclosure of all information in Mr. Johnson's

3

file, with the same limited exception regarding Social Security number truncation.

13. On or about April 22, 2025 Mr. Johnson requested his file from Experian in writing.

14. Experian's disclosure failed to include key information from Mr. Johnson's credit file.

15. The inaccuracies included erroneous data, incomplete, inaccurate account numbers (Navy Federal Credit Union), missing terms, recent payment, incomplete Payment Histories, missing Permissible Purpose on Inquires, monthly payments, scheduled payment amount, actual Amount paid, credit Limit, original Amount, missing date of first delinquencies, and sources of all information.

16. The affected Accounts included: American Credit Acceptance, Navy Federal Credit Union, Car Max Auto Finance, Child Support Enforcement, Credit One Bank, Webbbank/Fingerhut among others.

17. Under 15 U.S.C. § 1681g(a), upon receipt of Mr. Johnson's request, all Defendant were legally obligated to provide Mr. Johnson with a complete and accurate disclosure of all information in his credit files at the time of his request.

18. Defendant provided a written copy of Mr. Johnson's Consumer Disclosure via mail.

19. Rather than comply with the FCRA, each Defendant knowingly and intentionally failed to disclose all of the information in Mr. Johnson's credit file. These omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

20. Accordingly, Experian's violations of the FCRA were willful.

21. Mr. Johnson is entitled to receive a complete, accurate, and transparent disclosure of his credit file from each CRA upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. *See* 15 U.S.C. § 1681j.

22. By failing to meet this requirement, Defendants deprived Mr. Johnson of a right expressly granted by federal law.

23. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures. Defendants' practices suggest an institutional disregard for their statutory obligations under the FCRA. Mr. Johnson relied on the information the report to be accurate and complete therefore to prevent dissemination of a misleading report. Which left Mr. Johnson confused, distressed all Defendants made it hard to correct

his credit profile. Mr. Johnson suffers from Emotional distress from the incomplete and inaccurate reporting by Anxiety, Depression, Fear, Numbness, Difficulty Regulating Emotions and Self-Hatred. Mr. Johnson has lost money with the postal stamp from Defendants not providing a complete and accurate profiles.

## CAUSES OF ACTION

24. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

25. All causes of action were the producing causes of damages, which Mr. Johnson suffered.

## FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681g

26. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

27. Defendant violated the FCRA.

28. Defendant violations include, but are not limited to, the following:

> Defendants violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

29. Experian conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and in an amount to be determined pursuant to 15 U.S.C. § 1681n.

30. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher Johnson respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Experian Information Solutions, Inc., for the following:

a. Judgment that Defendant violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted:

*[signature]* 8/15/2025

Christopher Johnson

5613 121st St Ct E Apt 1

Puyallup, WA 98373

206-331-2202

cejay80@gmail.com