UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>              Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>              Defendant. | CASE NO. C 25-5726 BHS<br><br>ORDER |

      THIS MATTER is before the Court on pro se plaintiff Christopher Johnson's Federal Rule of Civil Procedure 12(f) motion to strike defendant Experian Information Services' affirmative defenses, Dkt. 12.

      Johnson's complaint asserts that Experian violated the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a) by failing to provide a complete and accurate disclosure of all information in his consumer file upon request. *Id*. at 1–2; Dkt. 1 at 4. Experian's answer asserts various "affirmative defenses," presumably to preserve them under Rule 12(b). Dkt. 11.

ORDER - 1

1   Johnson asks the Court to strike these affirmative defenses, arguing that they do
2   not apply.
3   Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a
4   pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous
5   matter." The function of a 12(f) motion to strike is to avoid the expenditure of time and
6   money that must arise from litigating spurious issues by dispensing with those issues
7   prior to trial. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.
8   2010). Rule 12(f) motions are generally "disfavored" because they are "often used as
9   delaying tactics, and because of the *limited importance of pleadings in federal practice*."
10  SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE § 9:375 (citing *Colaprico v. Sun*
11  *Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (emphasis added)).
12  Johnson's nine-page motion and his ten-page reply demonstrate why such motions
13  are disfavored. These filings do not advance the case in any material way, and there is no
14  prejudice to him in having a list of potential affirmative defenses in Experian's answer.
15  There is nothing redundant, immaterial, impertinent, or scandalous about asserting
16  in an answer the defenses that the plaintiff has failed to state a claim, or does not have
17  standing, even if these are not technically affirmative defenses because the defendant
18  does not carry the burden of proof on them. The Court also notes that this is 1 of 20
19  similar cases Johnson has filed in this District in the past year, and that he has filed
20  similar motions in most of them. This is not an efficient use or the parties or the Court's
21  time.
22

Experian will carry the burden of proof on its affirmative defenses, just as Johnson carries the burden of proof on his claims. Johnson's motion to strike is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3